**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STANACARD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> REBTEL NETWORKS, AB, and REBTEL MOBILE, INC., <br><br> Defendants. | Civil Action No. 08 CV 4859 (RWS) <br><br> ECF Case |

## ANSWER AND COUNTERCLAIMS

## ANSWER

Defendants Rebtel Networks, AB, ("Rebtel Networks") and Rebtel Mobile, Inc., ("Rebtel Mobile") (collectively "defendants") respond to the Complaint of plaintiff Stanacard, LLC, ("Stanacard") as follows:

## THE PARTIES

1. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore deny them.

2. Defendants admit that Rebtel Networks is a Swedish firm, that the webpage "www.rebtel.com/en/How-it-works/How-to-make-a-direct-call/" lists the following two steps: "1) You give us the phone number of a friend in another country, and we give you a local number for them.  2) Save this number on your mobile so you can call your friend whenever you want, for a fraction of your normal international rate," that Exhibit A to the Complaint appears to be a copy of a version of the webpage

"www.rebtel.com/en/How-it-works/How-to-make-a-direct-call/," and that Rebtel Networks' principal place of business is P.O. Box 1182, 7th Floor, Augustendalsvägen 19, 131 27 Nacka Strand, Stockholm, Sweden.  Except as so admitted, defendants deny the allegations of Paragraph 2 of the Complaint.

3.     Defendants admit that Rebtel Mobile is a corporation organized and existing under the laws of the State of Delaware and registered with the Wisconsin Department of Financial Institutions, that Rebtel Mobile is located in the United States, that Rebtel Mobile's principal place of business is 987 University Avenue, Suite 6, Los Gatos, CA 95032, and states that Rebtel Mobile is an affiliate of Rebtel Networks.  Except as so admitted, defendants deny the allegations of Paragraph 3 of the Complaint.

## THE PATENT

4.     Defendants admit that United States Patent No. 7,346,156 (the "'156 patent") is entitled "Methods and Apparatuses for Placing a Telephone Call" and states on its face that it issued on March 18, 2008, and that a copy of the '156 patent is attached to the Complaint as Exhibit B.  Except as so admitted, defendants deny that the '156 patent was duly and legally issued and deny the remaining allegations of Paragraph 4 of the Complaint.

5.     Defendants admit that 35 U.S.C. § 282 provides that a patent shall be presumed valid and states that such a patent may be held invalid based on numerous grounds and that the presumption frequently is overcome.  Except as so admitted, defendants deny the allegations of Paragraph 5 of the Complaint.

6.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore deny them.

3652947_7.DOC

**JURISDICTION AND VENUE**

7. Defendants admit that Stanacard purports to assert claims for relief arising under the patent laws of the United States, Title 35 United States Code.

8. Defendants admit that this Court has jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as so admitted, defendants deny the allegations of Paragraph 8 of the Complaint.

9. Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Complaint.

**INFRINGEMENT OF U.S. PATENT NO. 7,346,156**

12. Defendants incorporate by reference the averments set forth above in response to Paragraphs 1-11 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants state that this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 such that defendants are entitled to an award of their reasonable attorneys' fees, but deny that this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 such that Stanacard is entitled to an award of its reasonable attorneys' fees.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that they would not otherwise have, defendants assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

18.     This Court lacks personal jurisdiction with respect to Rebtel Networks and Rebtel Mobile.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

19.     Defendants are not infringing and have not infringed any claim of United States Patent Number 7,346,156 either directly or by inducing others to infringe or contributing to infringement by others.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

20.     Each claim of the '156 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

21.     During the prosecution of the application that led to the '156 patent, the named inventors and/or their representatives amended the application's claims and/or made representations to the United States Patent and Trademark Office whereby they surrendered subject matter for the purpose of overcoming rejection of the claims, thereby giving rise to prosecution history estoppel that excludes the accused product(s) from the scope of the issued patent claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

22.     Stanacard's Complaint fails to state a claim upon which relief may be granted and/or fails to set forth facts sufficient to state a claim for relief against defendants.

## COUNTERCLAIMS

Defendants assert the following counterclaims in the event that the Court finds proper jurisdiction based on Stanacard's Complaint. Defendants do not admit that jurisdiction is proper, and reserve their right to object to the Complaint based upon lack of jurisdiction. Accordingly, pursuant to Fed. R. Civ. P. 3, defendants counterclaim against plaintiff Stanacard as follows:

### PARTIES

1. Rebtel Networks is a corporation organized and existing under the laws of Sweden having its principal place of business at P.O. Box 1182, 7th Floor, Augustendalsvägen 19, 131 27 Nacka Strand, Stockholm, Sweden.

2. Rebtel Mobile is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 987 University Avenue, Suite 6, Los Gatos, CA 95032.

3. Stanacard, by its Complaint, represents that it is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 156 West 56th Street, Suite 1601, New York, NY 10019.

4. Stanacard alleges in its Complaint that it is the owner of the entire right, title, and interest in the '156 patent.

### JURISDICTION AND VENUE

5. By virtue of Stanacard's Complaint, this action arises under the patent laws of the United States, Title 35 United States Code. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b), and because Stanacard has invoked the jurisdiction of this court.

3652947_7.DOC

6. By its Complaint, Stanacard has asserted that defendants allegedly infringe U.S. Patent No. 7,346,156. Accordingly, there is an actual and justiciable controversy between the parties as to the noninfringment and invalidity of the '156 patent.

### FIRST COUNTERCLAIM
**(Declaratory Judgment of Noninfringement)**

7. Defendants repeat and incorporate herein the entirety of the allegations set forth in paragraphs 1-6 immediately above.

8. Defendants seek a declaration that they have not in the past and do not presently infringe, either directly or by inducing others to infringe or contributing to infringement by others, any of the claims of the '156 patent.

### SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity Under 35 U.S.C. §§ 102, 103, and/or 112)**

9. Defendants repeat and incorporate herein the entirety of the allegations set forth in paragraphs 1-8 immediately above.

10. Defendants seek a declaration that the claims of the '156 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, defendants respectfully pray for entry of judgment:

a. Dismissing Stanacard's Complaint with prejudice and denying each and every prayer for relief sought by Stanacard;

b. Declaring that the claims of U.S. Patent No. 7,346,156 are not infringed;

c. Declaring that the claims of U.S. Patent No. 7,346,156 are invalid;

d. Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding to defendants their attorneys' fees and any and all other damages as defendants may prove; and

e. Awarding to defendants such other further relief as the Court may deem proper.

Respectfully submitted,

By:  s/ Jesse J. Jenner

Dated: New York, New York
August 15, 2008

Jesse J. Jenner (JJJ 4403)
(jesse.jenner@ropesgray.com)
Ching-Lee Fukuda (CF 7143)
(ching-lee.fukuda@ropesgray.com)
Todd M. Simpson (TS 9953)
(todd.simpson@ropesgray.com)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 569-9000
Facsimile: (212) 569-9090

*Attorneys for Defendants*

Case 1:08-cv-04859-RWS    Document 8    Filed 08/15/2008    Page 7 of 7